Dear Rep. Faucheux:
You requested the opinion of this office as to whether the following scenario is legally permissible: May St. John the Baptist Parish (the "Parish") borrow money from Epsilon Products Company ("Epsilon") in order to construct an ingress and egress lane on U.S. Highway 61 near the Epsilon plant? The Parish would advertise for bids in accordance with the public bid law. The Parish would repay Epsilon when, and if, it secures an Economic Development Award Program ("EDAP") grant for the project from the Department of Economic Development ("DED"). It is anticipated that the grant monies would be available between January, 1998 and July, 1998; however, the project may be finished prior to the grant becoming available.
The Economic Development Award Program was created pursuant to R.S. 51:2341 to serve as the sole mechanism through which DED evaluates, financially assists, awards appropriations, grants, or loans, engages in joint ventures, or provides incentives or inducements to industrial and business development projects as provided in the enabling legislation, and in which a state appropriation is required or which a state guarantee is contracted.
The secretary of DED is directed to "develop a formal award program that includes an application, review, evaluation, and award process." The secretary is required to "develop rules and regulations in accordance with law which shall include but not be limited to the maximum amount of awards and local matching monies." Any entity seeking financial assistance from the state, through DED, shall make application for such assistance to the secretary, who shall evaluate each project according to established criteria. Subsection E of R.S. 51:2341 provides as follows:
 The secretary shall develop rules and procedures for providing assistance and definitive responses to the secretary during extraordinary time-sensitive negotiations with corporations relating to business or industrial expansion, new siting, or relocation projects. Any waiver of approval procedures shall meet a strong needs test. The approval by the secretary of an award or commitment through the Economic Development Award Program in contravention of the normal procedures for review and evaluation shall be followed within three days by written notification of such action to the Joint Legislative Committee on the Budget. However, in no event shall such an award be in contravention of the criteria established by the secretary. (Emphasis added)
DED has adopted rules in accordance with the Administrative Procedures Act, R.S. 49:950, et seq., governing the EDAP program. The rules are located in the Louisiana Administrative Code at Title 13, Part 1, Subpart 3, Chapter 60, beginning at Section 6001. Section 6013 sets forth the submission and review procedure and requires that an applicant submit its completed application to DED, which application is then reviewed and evaluated by DED staff. Upon a determination that an application meets the eligibility criteria for the program and is deemed to be beneficial to the well-being of the state, DED staff will then make a recommendation to the Secretary of DED. The application will then be reviewed and approved by the following entities in the following order: (i) the Secretary of DED; (ii) the Governor; and (iii) the Joint Legislative Committee on the Budget. Section 6013 further provides in Subsection (C) as follows:
 "No funds spent on the project prior to the Secretary's approval will be considered eligible project costs.
* * *
 The Secretary can invoke emergency procedures and approve an application under the following conditions: The company documents in writing to the Secretary of Economic Development with copies to the Governor and Chairman of the Joint Legislative Committee on the Budget that a serious time constraint exists and that a new plant, expansion or closure decision is to be made in fewer than 21 days or more than 31 days before the next scheduled meeting of the Joint Legislative Committee on the Budget." (Emphasis added)
Section 6015, the General Award Provisions, sets forth the Conditions for Disbursement of Funds in Subsection D(1) as follows:
 "Grant award funds will be available to the sponsoring entity on a reimbursement basis following submission of approved invoices from the sponsoring entity to DED. Only funds spent on the project after the Secretary's approval will be considered eligible for reimbursement." (Emphasis added)
DED is constrained to follow its rules. Administrative agencies are bound by their own rules, at least by their own rules which are promulgated to affect the rights and liabilities of members of the public. Central Louisiana Electric Company, Inc. v.Louisiana Public Service Commission, 377 So.2d 1188 (La. 1979). R.S. 51:2341(E) prohibits a grant award which is in contravention of the criteria established by the secretary. Under the criteria established by the secretary pursuant to the Administrative Procedures Act, any expenditure made prior to the Secretary's approval is not eligible for reimbursement.
Accordingly, it is the opinion of this office, pretermitting the issues arising out of a proposed borrowing by the Parish, that the Parish may not be reimbursed with the proceeds of an EDAP grant when the expenditure occurs prior to approval of the EDAP grant by the Secretary of DED.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/
Date Received:
Date Released:
Public Finance and Contracts